**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOHN REINECKE,<br><br>　　　　　Plaintiff,<br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, REGIONAL SERVICE CORPORATION; EVERHOME MORTGAGE COMPANY; CITY OF LAS VEGAS; TICOR TITLE OF NEVADA, INC.; FIRST HORIZON HOME LOANS; DOES I through XX; and BUSINESS ENTITIES I through XX,<br><br>　　　　　Defendants. | Case No.: 2:10-cv-02055-RLH-PAL<br><br>**O R D E R**<br><br>(Motion for Judgment on the Pleadings–#25; Motion for Leave to File Supplemental Pleadings–#34) |

　　　　Before the Court is Defendants Federal National Mortgage Association ("Fannie Mae") and EverHome Mortgage Company's (collectively the "Defendants") **Motion for Judgment on the Pleadings** (#25, filed May 10, 2011) and Plaintiff John Reinecke's **Motion For Leave to File Supplemental Pleadings** (#34, filed Aug. 25, 2011).  The Court has also considered all the oppositions and replies for these motions.

1

AO 72
(Rev. 8/82)

## BACKGROUND

This foreclosure case concerns Plaintiff's previously owned real property located at 6757 Kostner Street, Las Vegas, NV 89149 (the "Property"). In November 2007, Plaintiff executed a second Deed of Trust on the Property, which was recorded with the Clark County Recorder's Office on November 19, 2007. The Deed of Trust named Mortgage Electronic Registration Systems ("MERS") as a beneficiary. On December 22, 2009, MERS assigned its rights under the second Deed of Trust to EverHome Mortgage Company. On the same day, EverHome instructed its agent Regional Services Corporation to record a Notice of Default and Election to Sell Under Deed of Trust with respect to the Property. On February 8, 2010 EverHome executed a Substitution of Trustee, and substituted in Regional Services Corporation.

A trustee sale occurred and Fannie Mae bought the Property on April 15. A Trustee's Deed Upon Sale was recorded May 5. On September 3, Plaintiff filed a complaint in the Eighth Judicial District Court alleging claims for (1) Preliminary and Permanent Injunctive Relief and Declaratory Relief; (2) No Default Exists on the Note; (3) Continued Bad Faith; and (4) Quiet Title. For the reasons discussed below, the Court grants Defendants' motion and denies Plaintiff's motion.

## DISCUSSION

**I.      Legal Standard**

A judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. V. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). The governing standard for a 12(c) judgment on the pleadings is the same used for 12(b)(6) motion to dismiss. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

1    Where the complaint does not permit the court to infer more than the mere possibility of
2    misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."
3    *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A complaint must contain either direct or
4    inferential allegations concerning "all the material elements necessary to sustain recovery under
5    *some* viable legal theory."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car*
6    *Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).
7    Additionally, the failure of a party to file points and authorities in opposition to any motion
8    constitutes consent to the Court's grant of the motion.  Local Rule 7-2(d).
9    **II.    Analysis**
10              **a.    Declaratory and Injunctive Relief**
11              A court may only grant declaratory relief and void a previous sale if the party
12   seeking declaratory relief complies with the three requirements set forth in NRS 107.080(5).
13   Specifically, NRS 107.080(5)(b) requires a party to commence an action in court within ninety
14   (90) days after the date of the allegedly improper sale.
15              Trial courts retain the discretion to grant, refuse, or dissolve injunctions.  *Coronet*
16   *Homes, Inc. v. Mylan*, 84 Nev. 435, 437, 442 P.2d 901, 902 (1968).  The factors affecting the
17   court's discretion in issuing injunctive relief include: (1) a likelihood of success on the merits; (2)
18   a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips
19   in their favor; and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council,*
20   *Inc.*, 129 S. Ct. 365, 374 (2008).
21              Here, Plaintiff has failed to meet the statutory requirements.  The Property sold on
22   April 15, 2010.  Plaintiff did not file an action until September 3, 2010.  Plaintiff's delay of more
23   than one hundred and forty (140) days exceeds the statutory limit of ninety (90) days.  Thus, the
24   Court may not grant declaratory relief under NRS 107.080(5) and void the Property sale.
25   Consequently, Plaintiff's simultaneous call for injunctive relief fails because Plaintiff's declaratory
26   relief claim is unlikely to prevail on the merits. An injunction would be improper for Plaintiff's

1  other claims because, as discussed below, the Court finds they are insufficient under *Iqbal* and
2  *Twombly*. Therefore, the Court grants Defendants' motion with respect to these claims.

3      **b.**  **No Default Exists on the Loan**

4      Here, Plaintiff admits that the "No Default Exists on Note" cause of action
5  concerns "whether or not there is a default ... [a] question of fact [that] can not be resolved by
6  judgment of [sic] the pleadings." (Plaintiff's Response, 3). Since this cause of action is actually
7  only a factual allegation it fails to meet the pleading standards of *Iqbal* and *Twombly*. Therefore,
8  the Court grants Defendants' motion with respect to this claim.

9      **c.**  **Continued Bad Faith**

10      Plaintiff's complaint alleges that Defendant "unreasonably and in bad faith failed to
11  negotiate with the Plaintiffs [sic] a lower payment that they could afford thereby causing Plaintiffs
12  [sic] to fall behind." However, Plaintiff's complaint is devoid of any facts that support
13  Defendants' breached an *existing* contractual agreement's *implied* covenant that parties would
14  negotiate lower payments in good faith. These barren allegations do not meet the pleading
15  standards required by *Iqbal* and *Twombly*.

16      Additionally, Plaintiff' states that the "Continued Bad Faith" cause of action is "a
17  dependant cause of action which will need to be resolved with respect to the other cause [sic] of
18  action which is [sic] premature to discuss at this point." (Plaintiff's Response, 6). Thus, by
19  deferring argument Plaintiff effectively fails to oppose Defendants' motion. Pursuant to Local
20  Rule 7-2(d), Plaintiff effectively consents to Defendants' motion. For all these reasons, the Court
21  grants Defendants' motion with respect to this claim.

22      **d.**  **Quiet Title**

23      Before a party can request equitable relief, the party must take necessary steps to
24  ensure his actions have been equitable. *Transaero Land & Dev. V. Land Title*, 108 Nev. 997,
25  1001, 842 P.2d 716, 718 (1992). Here, Plaintiff's complaint failed to allege he tendered payment
26  on the balance of the loan. Thus, Plaintiff cannot ask for equitable relief when he has not offered

payment on the balance of his outstanding loan. Therefore, the Court grants Defendants' motion with respect to this claim.

    **e.**  **Leave to File Supplemental Pleading**

The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, the supplemental pleadings concern the declaratory relief cause of action. However, NRS 107.080(5)(b) bars declaratory relief because Plaintiff did not commence this action within the requisite time period. Thus, the supplemental pleadings are moot, and the Court denies Plantiff's motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Federal National Mortgage Association and EverHome Mortgage Company's Motion For Judgment on the Pleadings (#25) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff John Reinecke's Motion For Leave to File Supplemental Pleadings (#34) is DENIED.

The Court orders the Clerk of Court to close this case.

Dated: November 8, 2011.

                _____
                **ROGER L. HUNT**
                **United States District Judge**